Charles R. Macedo
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 336-8074
Facsimile: (212) 336-8001

Marc A. Fenster (pro hac vice application to be filed)
Brian D. Ledahl (pro hac vice application to be filed)
Benjamin T. Wang (pro hac vice application to be filed)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
Network-1 Technologies, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
:
NETWORK-1 TECHNOLOGIES, INC.,           :
                                        :   Civil Action No._____
            Plaintiff,                  :
                                        :
    v.                                  :
                                        :   **JURY TRIAL DEMANDED**
GOOGLE, INC., and YOUTUBE, LLC,         :
                                        :
            Defendants.                 :
                                        :
---------------------------------------------------------X

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Network-1 Technologies, Inc. ("Network-1"), by and through its counsel, for its complaint against Defendants Google, Inc. ("Google") and YouTube, LLC ("YouTube") (collectively, "Defendants"), alleges as follows:

## PARTIES

1. Network-1 is a Delaware corporation with its principal place of business at 445 Park Avenue, Suite 1020, New York, New York 10022.

2. Upon information and belief, Defendant Google is a Delaware corporation with business operations at many locations, including 76 Ninth Avenue, New York, NY 10011.

3. Upon information and belief, Defendant YouTube is a Delaware limited liability company with business operations at many locations, including 76 Ninth Avenue, New York, NY, 10011. Upon information and belief, YouTube is a wholly-owned subsidiary of Google.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the New York Long Arm Statute, due to having availed themselves of the rights and benefits of New York by engaging in activities, including: (i) conducting substantial business in this forum; (ii) maintaining a significant and continuous presence in this forum; and (iii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in New York and in this Judicial District.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). Upon information and belief, Defendants have engaged in activities including:

maintaining a significant and continuous presence in this district, transacting business in this district, and purposefully directing their business activities, including infringing activities, to this district.

## FACTUAL BACKGROUND

7. Network-1 holds a number of patents invented by Dr. Ingemar J. Cox. Dr. Cox is a noted researcher in computer science fields.

8. Dr. Cox received his Bachelor of Science from University College London and his PhD from Oxford University.

9. Dr. Cox is Professor in the Department of Computer Science at University College London, where he is Head of the Future Media Group and served as Director of Research.

10. Dr. Cox is also a Professor in the Department of Computer Science at the University of Copenhagen.

11. During the 1980s, Dr. Cox was a member of the Technical Staff at AT&T Bell Labs.

12. Dr. Cox is a Fellow of the Institute of Electrical and Electronics Engineers ("IEEE"), the Association for Computing Machinery ("ACM"), The Institution of Engineering and Technology, and The British Computer Society.

13. Dr. Cox was the founding co-editor in chief of the IET Proceedings on Information Security. He is co-author of the book *Digital Watermarking*, and its second edition, *Digital Watermarking and Steganography*.

14. Dr. Cox has authored more than 200 publications, and his work has been cited in scholarly writings more than 25,000 times.

15. Among Dr. Cox's many inventions are inventions relating to the use of extracted data from an audio and/or video work to obtain information about the work.

16. Dr. Cox's inventions have useful application to fields such as the analysis of audio or video files uploaded to an Internet site to determine if they match to known audio and/or video works that have been previously identified.

17. Defendants have recognized Dr. Cox's inventions, including by citing Dr. Cox's patents as prior art in various patent applications pursued by Defendants, including, for example, in connection with Google's Patent Applications, Serial Nos. 11/097,089; 11/097,833; 11/547,835; 12/660,146; 12/660,154; 12/723,613; 12/729/045; 12/774,612; 12/831,213; 12/887,473; 12/894,059; 12/898,653; 12/899,462; 12/902,081; 13/195,193; 13/253,632; 13/400,551; 13/614,770; 13/615,517; and 13/729,501.

18. Defendants operate the www.youtube.com and m.youtube.com websites (collectively and individually, "YouTube site").

19. Upon information and belief, the YouTube site allows users to upload electronic media works, including video content from users' client devices, and delivers such electronic media works to user devices along with associated tags.

20. Upon information and belief, Defendants maintain ContentID databases of electronic media work identifiers, including more than 25 million reference files.

21. Upon information and belief, after an electronic media work is uploaded, Defendants' computer system correlates the uploaded electronic media work with an electronic media work identifier using a non-exhaustive near neighbor search.

22. Upon information and belief, Defendants' systems generate a tag associated with the electronic media work, provide the media work and the associated tag

592670.1

to a user, receive a request from the user device related to the tag, generate instructions to be used, at the user's device, in performing an action, and provide those instructions to perform the action in response to the request.

23. Upon information and belief, the YouTube site is a highly successful element of Defendants' business. Defendants' Internet sites, primarily driven by the YouTube site, rank as the top online video content property on the Internet. Defendants' own statistics indicate that more than 1 billion unique visitors visit YouTube each month, that viewers watch more than 6 billion hours of video on YouTube each month, and that users upload 100 hours of video to YouTube every minute. Upon further information and belief, Defendants obtain significant revenues from YouTube. Some sources estimate that YouTube has paid out over $1 billion to rightsholders and partners from revenues generated by Content ID.

## COUNT I

### Infringement of U.S. Patent No. 8,904,464

24. Plaintiff Network-1 realleges and incorporates by reference paragraphs 1-23 above as if fully set forth herein.

25. Network-1 is the assignee of United States Patent No. 8,904,464 ("the '464 patent") titled "Method For Tagging An Electronic Media Work To Perform An Action." The '464 patent was duly and legally issued by the United States Patent and Trademark Office on December 2, 2014. A copy of the '464 patent is attached hereto as Exhibit A.

26. Upon information and belief, Defendants operate the YouTube site.

27.     Upon information and belief, Defendants operate the Content ID system and utilize it in connection with the operation of the YouTube site.

28.     Upon information and belief, Defendants have infringed, and continue to infringe, the '464 patent by, among other things, making, using, offering for sale, and/or selling unlicensed systems and products and/or services related thereto, covered by one or more claims of the '464 patent. Such unlicensed systems and products and/or services include, by way of example and without limitation, the Content ID system and its implementation in connection with the YouTube site. These activities are covered by one or more claims of the '464 patent, including but not limited to claim 18.

29.     As a result of Defendants' infringement of the '464 patent, Plaintiff Network-1 has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use of the inventions made by Defendants, and interest and costs as fixed by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Network-1 respectfully requests that the Court enter:

1.     A judgment in favor of Plaintiff Network-1 that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '464 patent;

2.     A judgment and order requiring Defendants to pay Plaintiff Network-1 its damages, costs, expenses, and pre-judgment and post-judgment interest as provided under 35 U.S.C. § 284 for Defendants' infringement of the '464 patent;

3.     A judgment and order for treble damages pursuant to 35 U.S.C. § 284; and

592670.1

4. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

30. Plaintiff hereby requests a trial by jury.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Dated: December 3, 2014     By: _____
Charles R. Macedo

90 Park Avenue
New York, New York 10016
Tel.: (212) 336-8074
Fax: (212) 336-8001

Marc A. Fenster
Brian D. Ledahl
Benjamin T. Wang
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel.: (310) 826-7474
Fax: (310) 826-6991

Attorneys for Plaintiff
Network-1 Technologies, Inc.