

12424
WILSHIRE
BOULEVARD

SUITE
1200

LOS ANGELES
CALIFORNIA
90025

TELEPHONE
310.826.7474

FACSIMILE
310.826.6991

April 9, 2015

***Filed Via ECF With Courtesy Copy Hand Delivery***
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**RE:** ***Network-1 Technologies, Inc. v. Google Inc., et al.***, **Case No. 14 Civ. 9558 (PGG)(MHD)**

Dear Judge Gardephe:

Pursuant to the February 20, 2015 Notice of Pretrial Conference and Rule 7(b) of the Court's individual practices, the parties respectfully submit the following information in advance of the initial case management conference, currently scheduled for April 16 at 12:30 p.m. The parties attach a joint proposed Case Management Plan for this action. The primary dispute between the parties at this time is whether this case should be consolidated with related Case No. 1:14 Civ. 02396 (PGG) and in particular whether the dates in Case No. 1:14 Civ. 02396 (PGG) should be extended to the same dates reflected in the attached proposed Case Management Plan.

**(1) A brief description of the case, including the factual and legal bases for the claim(s) and defense(s):**

*Plaintiff's Claims*: The present case is a patent infringement case. Plaintiff is the owner of U.S. Patent No. 8,904,464 ("the '464 patent"). The '464 patent relates generally to the use of computer systems to correlate electronic works (such as audio or video works) with other, previously known works, and to associate tags with the correlated works that can be provided to users accessing the electronic works on their own devices where requests related to these associated tags can then be used to generate instructions that can be performed by the user's device. The '464 patent was invented by Dr. Ingemar Cox, a leading computer science researcher and scholar in the fields of digital watermarking and data extraction from audio and video works. Defendants Google Inc. and YouTube, LLC operate the www.youtube.com and m.youtube.com websites ("YouTube"). In the complaint, Plaintiff alleges that YouTube employs a system called ContentID. This system analyzes uploaded videos to match them with known videos in YouTube databases. Then, based on these matches, the system can generate a tag to be provided to users viewing the uploaded video. The system can receive requests from users related to these tags and then generate instructions for actions to be performed at the user's device. Plaintiff contends that Defendants infringe the '464 patents through the operation of YouTube in conjunction with its ContentID system.

*Defendants' Defenses*: Defendants dispute Plaintiff's claims. In particular, and without limitation,



Defendants contend that Defendants do not infringe any claims of the patent in suit, and that the patent in suit is invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

**(2) Any contemplated motions:**

At this time, neither party anticipates any motions for temporary or preliminary relief, and both parties are unable to determine whether any summary judgment motions will be made. In the near future, Defendants intend to file a petition with the U.S. Patent & Trademark Office ("PTO") for review of the validity of the patent in suit. Defendants intend to seek a stay of this action pending the PTO's review pursuant to the stay provision in Section 18(b)(1) of the Leahy-Smith America Invents Act and the Court's inherent authority under Fed. R. Civ. P. 1. Plaintiff disputes that such a stay is warranted, at this stage, particularly in light of the fact that Defendants' petition has not even been filed yet, much less accepted and instituted by the PTO.

**(3) Prospect for Settlement**

The parties participated in mediation in December 2014, after this case was filed. No settlement was reached, but had the parties reached agreement the contemplated settlement would have covered all five patents, the one asserted here as well as the four asserted in the related case.

**(4) Consolidation with Case No. 1:14 Civ. 02396 (PGG)**

The parties disagree as to whether the instant case should be consolidated with related Case No. 1:14 Civ. 02396 (PGG) ("the '2396 Case"). The following summarizes the parties' respective positions:

*Plaintiff's Position*: The two cases should not be consolidated because the '2396 Case is significantly advanced and consolidation will result in undue delay, to Plaintiff's prejudice. Defendants' (collectively "Google") urging for consolidation is nothing more than an effort to delay the '2396 Case. Google asks the Court to consolidate this case with the previously-filed '2396 Case by simply placing the '2396 case on hold. Despite the fact that document discovery is largely complete, a short amount of time remains in fact discovery, and Network-1 has already filed its opening claim construction briefing in the '2396 Case, Google urges the Court to simply stop that case for months to wait for the instant case. This Court should not accept Google's attempts at delay.

Google's assertion that the '2396 Case is "at an early stage" is simply false. The '2396 Case has been pending for more than a full year. This case, by contrast, was filed in December 2014, within days of the issuance of the asserted '464 patent. The close of fact discovery in the '2396 Case is fast approaching. Google is correct that depositions of its witnesses have not yet occurred (though several have been noticed). The primary reason for this is Google's dilatory conduct in discovery. In particular, in an effort to understand the nature of Google's contentions, Plaintiff propounded interrogatories seeking such basic information as the basis for Google's contentions that they do not infringe the patents-in-suit. Network-1 propounded these interrogatories only after the time set by the Court for doing so. Nonetheless, Google refused to answer such interrogatories. Network-1 attempted to confer with Google about the issue to resolve it without Court involvement. Google responded by representing that it would supplement its

interrogatory responses within "2-3 weeks." Long past those 2-3 weeks, Google wrote a letter on April 6 stating that it now refused to provide responses to these interrogatories. This issue is the subject of a separate dispute that Network-1 will present to the Court by a separate letter. Google should not, however, be permitted to rely on its own refusal to comply with discovery and the Court's Orders as a basis to claim that the '2396 Case is "at an early stage." Notably, Google has pursued no contention that Network-1's discovery responses are deficient.

With respect to consolidation generally, Network-1 respectfully submits that although the accused activity between this case and the '2396 Case certainly overlaps, it is not necessarily co-extensive. The claims of the '464 patent asserted in this case include associating tags with electronic works, and providing instructions that can be carried out on a user device when requests are made relating to those tags. While this activity relates broadly to the subject matter of the '2396 Case, it is by no means identical. To the extent that efficiencies might be achieved by avoiding, for example, duplicative discovery, the parties' agreed Case Management Order provides that discovery taken in the '2396 Case could be used in this case to avoid the need for repetition. That efficiency, however, should not be used as an excuse to further delay the '2396 Case. Google suggests that discovery disputes will need to be handled repetitively, but offers no explanation of why that would be true since a dispute resolved in the '2396 Case would facilitate discovery that could also be used in this case.

Google also offers logically inconsistent arguments. On the one hand it urges the Court that delaying the '2396 Case will only involve a "short pause", but on the other suggests that it will ask this Court for a lengthy stay pending resolution of an as-yet not-even-filed petition for CBM review of the '464 patent. As Network-1 has explained in previous submissions, Google's optimism about the likely outcome of these petitions is misplaced and its speculative hopes are no basis for delaying litigation. Additionally, here, Google suggests to the Court that a stay of this case will be warranted under Section 18(b) of the America Invents Act. However, the Federal Circuit ruled just this month that the provisions of that section regarding stays apply to Covered Business Method proceedings that have actually been instituted by the Patent Office, not merely to petitions filed by petitioners like Google. *Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, __ F.3d __, Case No. 2014-1724 (slip. op.) (Apr. 1, 2015) (rejecting the appeal of Judge Hellerstein's denial of a stay like that Google proposes). Thus, the Federal Circuit directly rejects Google's assertion that Section 18(b) governs its potential future request for a stay (before the Patent Office has taken action on that hypothetical petition).

Contrary to Google's assertion, delay would be prejudicial to Network-1. Google's continuing infringement of Network-1's patents deprives Network-1 of the benefit of its property rights. Network-1 is a public company. Depriving it of its property without compensation is highly prejudicial. Google has not, for example, offered to stipulate that any eventual judgment will be subject to prejudgment interest. Google's continuing infringement and refusal to obtain a license for its unauthorized activity also impedes Network-1's ability to license its patent rights to others. Additionally, Google's request for delay would impose specific unfair prejudice in the '2396 Case because Network-1 has already filed its Opening Claim Construction Briefing. Google's brief is currently due on April 27, but Google effectively asks the Court



to give it an extension of nearly seven months by asserting that all briefing should be on the schedule the parties propose for this case. Such tactical advantages are also unfairly prejudicial to Network-1.

In sum, Google's request for consolidation is nothing more than its latest request for unjustified delay. Defendants understandably prefer to delay litigation, but that preference is not a legitimate basis that the Court should accept. Google's proposal will not yield any meaningful efficiency, it will only inflict prejudice on Network-1, impede the timely resolution of Network-1's claims, and encourage further dilatory conduct by Google.

*Defendants' Position*: On April 4, 2014, Network-1 Technologies, Inc. ("N1") sued Google, Inc. and YouTube, LLC (collectively "Google") in this Court, seeking a judgment that Google infringes four patents. That case, the '2396 Case, is assigned to Your Honor. While fact discovery is set to close in that case on May 15, 2015, no depositions have been taken, no 30(b)(6) notices have been issued, no claim construction hearing has been held, and no dispositive motions have been filed. The '2396 Case is thus effectively still at a very early stage. Moreover, Google has requested that the Court hold the '2396 Case calendar in abeyance, as Google has sought review of the four asserted patents in the U.S. Patent and Trademark Office. (Docket Nos. 56, 58.) If the PTO accepts Google's petitions, it will conduct a re-review of the validity of the patents and there is a likelihood that N1's allegations may be mooted or significantly narrowed.

The patent asserted here derives from the same family as the patents asserted in the '2396 Case. The five patents asserted in the two cases share the same inventor, the same description, many of the same disputed claim terms, and the same "priority date" for purposes of assessing what information constitutes prior art to the patents. Moreover, N1 has accused the exact same technology of infringement in both cases, namely the Content ID copyright protection system implemented by Google in connection with the operation of YouTube. Because N1 asserted the same family of patents against the same technology in both cases, nearly all aspects of the two cases will mirror each other. Indeed, even N1 has acknowledged that these two cases cover the same subject matter, proposing in the Case Management Plan that the discovery from the '2396 Case should be deemed produced in this action. If the two cases proceed on separate tracks it is inevitable that, among other duplications, the Court will need to hold two claim construction hearings in which the issues will overlap, the parties will depose the same fact and expert witnesses twice on the same issues, discovery disputes common to both cases will need to be handled separately, and two trials will ultimately take place in which substantially the same witnesses will testify as to substantially the same issues before different juries. In addition to presenting serious inefficiencies for the parties and needless duplication of effort for the Court, such an approach presents the risk that N1 will have two bites at the apple and will have the ability to seek double damages for what are the same alleged acts of infringement. The patent in suit in this case issued on December 2, 2014, while discovery was still at a very early stage. N1 could have moved to amend its complaint to add this new patent to the existing case, and indeed, Google would not have opposed such a motion.

Courts have broad discretion to consolidate cases that share common questions of law or fact under Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor



consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). In exercising their discretion to consolidate, Courts consider the following factors:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Id*. (alterations in original) (citation omitted); *see also Hooker Chems. & Plastics Corp. v. Diamond Shamrock Corp.*, 96 F.R.D. 46, 49 (W.D.N.Y. 1982) (consolidating actions involving "the same basic cell technology, the same parties, and the same alleged infringing actions"). Here the facts weigh heavily in favor of consolidation.

N1 contends that Google seeks consolidation for purposes of delay. Delay is not Google's motive: efficiency is, and on two fronts. First, Google seeks to avoid the inevitable duplication of effort involved in twice litigating what is effectively the same case, and the attendant risk of inconsistent results. Combining the cases will result in only a short pause to the '2396 Case's current schedule, just enough to let this second case catch up so discovery can proceed on all five patents at once. N1's claims of delay ring particularly hollow when viewed in light of the fact that N1 has made several requests to extend the deadlines in the '2396 Case, and still has not conducted any depositions in the case. Nor can N1 credibly allege that any "delay" will cause it meaningful prejudice. N1 has not sought any injunctive relief, and has not (and cannot) allege that it is losing sales or profits by virtue of the alleged infringement: by its own admission, N1 is not using the patented technology, it is strictly asserting the patents to recover money damages.

Second, Google is employing the procedures that Congress recently put in place for obtaining more efficient resolution of patent infringement cases by seeking to have the PTO reassess the validity of the asserted patents. Given the remarkably high rate at which the PTO has been striking down patents of the kind asserted in these cases, it makes little sense to forge ahead with two patent infringement lawsuits when all of the asserted patent claims may be declared invalid by the PTO. Google will formally move to stay the '2396 Case based on the PTO proceedings on the four asserted patents and will also request a stay here based on the PTO proceedings. This is precisely what Congress intended and what the U.S. Court of Appeals for the Federal Circuit has encouraged.

For the foregoing reasons, Defendants respectfully request the Court consolidate the instant action with related Case No. 1:14 Civ. 02396 on the schedule proposed in the attached Joint Proposed Scheduling Order. Should the Court consolidate the two cases, Google further asks that the Court grant with respect to the consolidated action its pending request in the '2396 Case to hold all dates in abeyance until the PTO decides whether to institute review of N1's patents. (Docket Nos. 56, 58.) Should the PTO institute review of the patents, Google will move to stay the case at that time.



Dated: April 9, 2015

Respectfully submitted,

RUSS, AUGUST & KABAT

BY: s/ MARC A. FENSTER
Marc A. Fenster
(pro hac vice)
Brian D. Ledahl
(pro hac vice)
12424 Wilshire Boulevard
12th Floor
Los Angeles, California
90025
(310) 826-7474 - Phone
(310) 826-6991 - Fax
mfenster@raklaw.com
bledahl@raklaw.com

Charles R. Macedo
AMSTER, ROTHSTEIN &
EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
(212) 336-8074 - Phone
(212) 336-8001 - Fax
cmacedo@arelaw.com

*Attorneys for Network-1 Technologies, Inc*

SKADDEN ARPS SLATE
MEAGHER & FLOM LLP

BY: s/DOUGLAS R. NEMEC
Douglas R. Nemec
Marti A. Johnson
Andrew D. Gish
Four Times Square
New York, NY 10036
(212) 735-3000 – Phone
(917) 777-2419 - Fax
douglas.nemec@skadden.com
marti.johnson@skadden.com
andrew.gish@skadden.com

James J. Elacqua
Ian Chen
SKADDEN ARPS SLATE
MEAGHER & FLOM LLP
525 University Avenue, Ste.
1100
Palo Alto, California 94301
(650) 470-4500 – Phone
(650) 470-4570 – Fax
james.elacqua@skadden.com
ian.chen@skadden.com

*Attorneys for Google Inc. and YouTube, LLC*

Enclosure