UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>GOOGLE, INC., and YOUTUBE, LLC,<br><br>Defendants. | CIVIL CASE<br>MANAGEMENT PLAN<br>AND SCHEDULING<br><u>ORDER</u><br><br>14 Civ. 9558 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1. All parties **do not** consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2. This case **is** to be tried to a jury.

3. No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4. A party may not amend its pleadings without leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 90 days from the date of this Order.

5. The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than **April 30, 2015**.

6. Pursuant to Local Patent Rule 6, Plaintiff shall serve its Disclosure of Asserted Claims and Infringement Contentions which identifies for each opposing party, each claim of each patent-in-suit that is allegedly infringed and each product or process of each opposing party of which the party claiming infringement is aware that allegedly infringes each identified claim no later than **May 21, 2015**.

7. Pursuant to Local Patent Rule 7, Defendants shall serve any Invalidity Contentions which identify each item of prior art that the party contends allegedly anticipates or renders obvious each asserted claim, and any other grounds of invalidity, including any under 35 U.S.C. § 101 or § 112, or unenforceability of any of the asserted claims no later than **June 18, 2015**.

8. The parties must complete <u>fact</u> discovery no later than **December 2, 2015**.

9. If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 8.  Under this Order's interim deadlines, the parties must:

    a. Serve initial requests for production of documents by **April 30, 2015**.

    b. Propound any contention interrogatories not earlier than **July 2, 2015.**

    c. Complete substantial production of documents by no later than **July 16, 2015**.

    d. Serve privilege logs by **August 21, 2015**.

    e. Complete depositions of fact witnesses **by the close of fact discovery**.

        i. Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii. Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv. Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    f. Serve requests to admit no later than **November 2, 2015.**

10. <u>Protective Order and Electronic Discovery Submission</u>:  The parties agree to entry of the Protective Order entered in Case No. 14-CV-02396-PGG-MHD in this action.  The parties further agree that discovery material produced or provided in Case No. 14-CV-02396-PGG-MHD shall be deemed to be produced or provided in this action as well (and that all material produced or provided in this action prior to the fact discovery cut-off in

    Case No. 14-CV-02396-PGG-MHD shall be deemed produced or provided in that action as well).

11. <u>Claim Construction</u>:

    a. The parties shall exchange a list of those claim terms that they believe need construction and their proposed claim construction of those terms by **August 14, 2015**. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 11(b) below.

    b. <u>Joint Claim Chart</u>:  The parties shall cooperate and jointly file a Joint Claim Construction Chart listing the disputed claim terms and each party's proposed constructions on or before **September 11, 2015**.

    c. <u>Opening Brief</u>:  The party asserting infringement must serve and file an opening claim construction brief and all supporting evidence and testimony on **October 12, 2015**.

    d. <u>Response Brief</u>:  The opposing party must serve and file a response to the opening claim construction brief and all supporting evidence and testimony by **November 11, 2015**.

    e. <u>Reply Brief</u>:  The opening party may serve and file a reply solely rebutting the opposing party's response by **December 1, 2015**.

    f. <u>Sur-Reply Brief</u>:  The opposing party may serve and file a sur-reply brief solely in response to new arguments raised in the opening party's reply brief by **December 18, 2015**.

    g. The hearing on the issue of claim construction will be scheduled at a date convenient to the Court.

12. <u>Opinion of Counsel</u>:  Not later than **30 days after the Court issues a claim construction Order**, each party that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, must (1) produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production and (2) any related privilege logs.

13. The parties must complete <u>expert</u> discovery no later than **105 days after the Court issues a claim construction Order**.

   a. Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) no later than **45 days after the Court issues a claim construction Order**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due **45 days thereafter**.

   b. No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than **7 calendar days** after the latter of the dates specified in paragraph 13(a).  The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 13.

   c. Plaintiff currently anticipates expert testimony concerning the following issues: infringement, validity, damages, willful infringement, potentially claim construction.

   d. Defendants anticipate expert testimony concerning the following issue(s): non-infringement, invalidity, damages, willful infringement, and potentially claim construction.

14. No later than **14 days** following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

15. Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices no later than **125 days after the Court issues a claim construction Order**.  Opposition letters are due no later than **132 days after the Court issues a claim construction Order**.

16. Unless otherwise ordered by the Court, within 30 days from the date of the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

17. Counsel for the parties have conferred and their present best estimate of the length of trial is: **6-8 days**.

18. At the close of discovery, or if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>.  At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>.  Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time.  Such notice must come <u>before</u> the Court notifies

counsel of an <u>actual trial date</u>, <u>not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

19. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

20. The next pretrial conference is scheduled for _____. [**To be filled in by Court**.]

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York

_____

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5