LAW OFFICES
## WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

BRUCE GENDERSON
(202) 434-5999
bgenderson@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 3, 2016

Hon. Paul G. Gardephe
United States District Court Judge
United States District Court for the
　Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re:   *Network-1 Technologies Inc. v. Google, Inc., et al.* Case No. 1:14-cv-2396 (PGG) (MHD), and *Network-1 Technologies Inc. v. Google, Inc., et al.*, Case No. 1:14-cv-9558 (PGG).

Dear Judge Gardephe:

　　We write pursuant to the Court's request during the status conference on October 27, 2016, for letter briefing regarding whether to continue the current stay of the above-referenced cases pending proceedings before the U.S. Court of Appeals for the Federal Circuit. The Court issued the stays in these proceedings on July 2, 2015, after Google filed petitions for *Inter Partes* Review ("IPR") and Covered Business Method ("CBM") Review with the Patent Trial and Appeal Board ("PTAB"). On June 20, 2016, and October 18, 2016, respectively, the PTAB issued its decisions in those matters. With respect to the IPR proceedings, Defendant Google Inc. ("Google") timely appealed the PTAB's decisions to the United States Court of Appeals for the Federal Circuit, and Google intends to file an appeal of the PTAB's decision on the CBM petition. For the reasons set forth herein, Google respectfully requests that the Court extend the stay pending the Federal Circuit's resolution of these appeals.

　　District Courts have the "inherent power to manage their dockets and stay proceedings including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citation omitted). And as a Court in this District recently stated, "Courts have recognized that this power extends to staying infringement actions while final PTAB IPR decisions are appealed to the Federal Circuit." *Straight Path IP Group, Inc. v. Verizon Commc'ns Inc.*, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016). "In determining the appropriateness of the stay, three factors are to be considered: (1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the

WILLIAMS & CONNOLLY LLP

Judge Gardephe
November 3, 2016
Page 2

proceedings; and (3) whether a stay will prejudice the nonmoving party." *Touchtunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009). In this case, each of these factors weighs in favor of extending the stay while the Federal Circuit resolves Google's appeals.

*First*, irrespective of the outcome of the appeals, a stay will simplify the issues in question and trial of the case. The reason is because, whether the Federal Circuit affirms or reverses the PTAB (or affirms in part and reverses in part), there is no question that in the course of its analysis the Court will address the meaning of the very claims and claim terms at issue in this litigation. As the Court found in *Straight Path*, "a decision [on appeal] in favor of either side is likely to carry at least some streamlining benefits for this action, whether because causes of action are reduced in their scope or foreclosed entirely or because the contours of the infringement inquiry are sharpened by the Federal Circuit's application of its recent claim construction to prior art." *Straight Path*, 2016 WL 6094114, at *3; *see also LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, 2015 WL 8674901, at *3 (D. Del. Dec. 11, 2015) ("[R]egardless of whether the appellate court affirms or reverses the PTAB's decision, its analysis could provide greater clarity as to claim construction-related or invalidity-related issues that might arise in this case," including "what conduct would, in fact, infringe these claims and what prior art would render the claims invalid.").[1]

Here, in deciding the appeals before it, the Federal Circuit will necessarily have to construe the same terms the parties have presented to the Court for construction, including the meaning of terms such as "non-exhaustive search." *Compare* Dkt. Nos. 63, 68, 78, and 82[2] with Fed. Cir. Case No. 16-2509, Dkt. No. 1. While, as a legal matter, the Federal Circuit will apply the broadest reasonable construction standard in construing those terms, rather than the *Phillips* standard that will be applied in this Court, the Federal Circuit's constructions nevertheless will be highly relevant to this Court's construction. *See LG*, 2015 WL 8674901, at *3 ("Even were the Federal Circuit to reverse the PTAB's decision, what the Court says about the proper construction of claim 1 will likely inform the claim construction process in this case as to all of the six claims potentially at issue."). Indeed, the Federal Circuit has emphasized that, "[i]n many cases, the claim construction will be the same under the *Philips* and BRI standards." *In re CSM-*

---

[1]   In *LG*, the court ultimately exercised its discretion and denied the stay, despite finding that the first factor weighed in favor of staying the case. The court's primary reason for denying the stay was its concern with the age of the case—already more than three years—and the prejudice further delay would cause plaintiff. As demonstrated below, there is no basis for Network-1 to claim prejudice here. Moreover, while the court denied the stay it invited the parties to "work with this Court . . . to alter the dates relating to claim construction, so as to minimize the chance that an appellate decision will affect that process." *LG*, 2015 WL 8674901, at *7. In other words, while not staying the case entirely, the Court still recognized the need to delay certain aspects of the case until after the Federal Circuit appeal was resolved. Here, delaying claim construction would also delay expert discovery, and because a significant amount of fact discovery has already occurred, there would be no benefit to lifting the stay just to complete fact discovery.

[2]   For simplicity, this letter refers to Case No. 1:14-cv-2396 as the -2396 Action and Case No. 1:14-cv-9558 as the -9558 Action. Unless otherwise noted, docket numbers refer to entries in the -2396 Action.

WILLIAMS & CONNOLLY LLP

Judge Gardephe
November 3, 2016
Page 3

*System Int'l, Inc.*, 832 F.3d 1335, 1341 (Fed. Cir. 2016).  Moreover, by requesting supplemental briefing to "address[ ] any claim construction issues that the Patent Office decisions might bear on," Sept. 13, 2016 Joint Letter (Dkt. 95) at 3, Plaintiff has already tacitly admitted that the Board's—and, thus, the Federal Circuit's—constructions are highly relevant to claim construction in this case.

It makes no sense for the parties to submit supplemental briefs in the -2396 Action, to brief all claim construction disputes in the -9558 Action, for the Court and the parties to participate in a *Markman* hearing, or for the Court to expend the time drafting a claim construction opinion while the claims are being construed in parallel by the Federal Circuit. While the Federal Circuit's overall rate of reversals is lower for the PTAB than for District Courts, the fact remains that the Federal Circuit has reversed or vacated a number of the Board's rulings on the basis of faulty claim constructions.  *See, e.g.*, *PPC Broadband v. Corning Optical Commc'ns, RF, LLC*, 815 F.3d 734 (Fed. Cir. 2016); *PPC Broadband v. Corning Optical Commc'ns, RF, LLC*, 815 F.3d 747 (Fed. Cir. 2016); *Pride Mobility Prods. Corp v. Permobil*, 818 F.3d 1307 (Fed. Cir. 2016); *Straight Path IP Group v. Sipnet EU S.R.O.*, 806 F.3d 1356 (Fed. Cir. 2015); *Microsoft v. Proxyconn*, 789 F.3d 1292 (Fed. Cir. 2015); *Cutsforth v. Motivepower*, 643 Fed. App'x 1008 (Fed. Cir. April 6, 2016); *Respironics, Inc. v. Zoll Medical Corp.*, 2016 WL 4056094 (Fed. Cir. July 29, 2016).  Among the reasons why claim constructions are reversed is that, unlike fact findings, the Federal Circuit reviews the PTAB's claim constructions *de novo*.  *See, e.g.*, *Pride Mobility*, 818 F.3d at 1313 (where no facts extrinsic to the patent are in dispute, the Federal Circuit "conduct[s] a de novo review of the Board's determination of the broadest reasonable interpretation of claim language").

*Second*, the current stage of the proceedings in this case weighs in favor of continuing the stay.  The parties have already completed a significant portion of the necessary fact discovery. Beyond fact discovery, what remains is claim construction, expert reports on invalidity and non-infringement (which depend on claim construction), dispositive motions (which also depend on claim construction) and trial.  If the stay is lifted, the parties will need to expend time and resources drafting supplemental claim construction briefs and preparing for a *Markman* hearing; the Court will hold the *Markman* hearing and issue its ruling; the parties then will exchange expert reports on invalidity and non-infringement and conduct expert discovery on those issues; and then the parties (likely) will file, and the Court will adjudicate, dispositive motions.  If the Federal Circuit were to reverse and invalidate some or all of the claims, or were to adopt a different claim construction from the PTAB on any of the claim terms, then there is a considerable risk that the Court and the parties will have to re-do all or significant portions of each of these phases—claim construction, expert discovery, and dispositive motions.  In other words, this case is on the precipice of when the Federal Circuit's opinion could have a significant impact, which counsels in favor of continuing the stay pending appeal.  *See Surfcast, Inc. v. Microsoft Corp.*, 2014 WL 6388489 at *2, *4 (D. Me. Nov. 14, 2014) (granting stay until "the entry of a decision of the Court of Appeals" where "discovery [was] complete" and "a *Markman*

WILLIAMS & CONNOLLY LLP

Judge Gardephe
November 3, 2016
Page 4

order [had] been issued," but "a trial date ha[d] not been set and a large volume of work remain[ed] before trial including the resolution of the pending summary judgment, *Daubert*, and other motions, as well as likely motions *in limine* and other pre-trial proceedings"). To do otherwise would result in the unnecessary expenditure of time and resources by the Court and the parties.

*Finally*, a stay pending the Federal Circuit's decision will not prejudice Plaintiff. Plaintiff is a non-practicing entity and has not sought an injunction in this action. *See* Dkt. No. 72 at 9-10. It, therefore, suffers no prejudice to its business from a stay. *See Straight Path*, 2016 WL 6094114, at *3 ("As a patent licensing and enforcement firm, Straight Path is not . . . a direct competitor of Defendants—an 'important factor' that courts consider in assessing potential business injury to patent owners in the context of stay applications."). Should Plaintiff prevail, it can be adequately compensated for any delay with monetary damages. *Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 WL 6672451, at *8 (N.D. Cal. Dec. 18, 2013) ("[A] patent licensor cannot be prejudiced by [delay] because monetary damages provide adequate redress for infringement."). Moreover, any delay in this case will be limited since the appeals pertaining to the four patents in the -2396 Action were docketed over two months ago (on August 19, 2016), and the median length of a Federal Circuit appeal (from docketing to final decision), as of the end of 2015, is approximately 10 months. *See* U.S. Court of Appeals for the Federal Circuit, Median Disposition Time for Cases Decided by Merits Panels, <http://goo.gl/OxHg0r>. A final decision in those matters is therefore expected in approximately June of 2017. As for the patent that is the subject of the -9558 Action, the Federal Circuit's final decision is likely just a few months behind the earlier case. Where there is no prejudice to the plaintiff, this short delay is more than warranted by the benefits of waiting for the Federal Circuit's decision.

For all of these reasons, Defendants respectfully request that the Court extend the existing stays in this actions through resolution of the appeals to the Federal Circuit.

Sincerely,

Bruce Genderson

Cc: Counsel of Record via ECF