

12424
Wilshire Boulevard
12th Floor
Los Angeles
California
90025

Tel 310.826.7474
Fax 310.826.6991
www.raklaw.com

Marc A. Fenster
mfenster@raklaw.com

November 10, 2016

Hon. Paul G. Gardephe
United States District Court Judge
United States District Court for the
  Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    *Network-1 Technologies, Inc. v. Google, Inc. et al.*, Case No. 1:14-cv-2396 (PGG) (MHD)*;* *Network-1 Technologies, Inc. v. Google, Inc. et al.*, Case No. 1:14-cv-9558 (PGG).

Dear Judge Gardephe:

    Pursuant to the Court's request during the October 27, 2016 status conference, Plaintiff Network-1 Technologies, Inc. ("Network-1") writes this letter regarding whether the current stay of the above-captioned cases (individually referred to herein as the "-2396" and "-9558" cases) should be continued in light of Google, Inc.'s ("Google") pending appeals before the Federal Circuit. As set forth below, analysis of the relevant factors weighs against continuing the stay, and Network-1 requests that the current stay be lifted.

    These cases concern Google's alleged infringement of five related patents. In the -2396 case, filed in April 2014, Network-1 has asserted U.S. Patent No. 8,010,988, No. 8,205,237, No. 8,640,179, and No. 8,656,441. In the -9558 case, filed in December 2014, Network-1 has asserted U.S. Patent No. 8,904,464. Discovery is nearly complete in the -2396 case, and the parties have completed claim construction briefing. The -9558 case is still in the early stages (no discovery has been completed and claim construction briefing has not started).

    On July 2, 2015, pursuant to the parties' stipulation, the Court stayed the above-captioned cases pending the Patent Trial and Appeal Board's ("PTAB") final decisions in four Inter Partes Review proceedings ("IPRs") and a Covered Business Method Review proceeding ("CBM") instituted by Google, wherein Google challenged the validity of all asserted claims, as well as various non-asserted claims. The parties' stipulation, and the Court's July 2, 2015 Order, specifically stayed the cases only through issuance of the PTAB's final written decisions. [Docket No. 85.] The Stipulation and Order made no mention of appeals from any final written decisions.

    On June 20 and October 18, 2016, the PTAB issued final written decisions in the IPRs and CBM Review, respectively. In each instance, the PTAB upheld the validity of all asserted claims. Google has appealed the IPR decision to the Federal Circuit, and states that it intends to appeal the CBM decision as well.



Hon. Paul G. Gardephe
November 10, 2016
Page 2

Google now requests to continue the stay pending these appeals, even though the parties only stipulated to stay the case through the issuance of the final written decisions, and the July 2, 2015 Order only stayed the case pending such final written decisions. Google's request to extend the stay beyond that agreed and ordered should be denied.

"In determining the appropriateness of the stay, three factors are to be considered: (1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 177 (S.D.N.Y. 2009). "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, No. 16-CV-4236 (AJN), 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016). The party seeking the stay bears the burden of demonstrating that such relief is warranted. *Id.*

**First, continuing the stay will not further simplify the issues in this case.** Where, as here, the PTAB has issued final decisions upholding all asserted claims, the simplification benefits have already been realized, and it is highly unlikely that the Federal Circuit will simplify this case any further. This is because Google is estopped from re-litigating any of the invalidity issues it raised or reasonably could have raised in the IPRs, regardless of the outcome of the appeals.[1]  *See* 35 U.S.C. § 315(e)(2); *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, No. 6:11CV492, 2015 WL 11439060, at *4 (E.D. Tex. Jan. 5, 2015) (lifting stay where PTAB affirmed all claims in IPR because "simplification and streamlining may result from the estoppel provision regardless of the exhaustion of appeals of the Final Written Decision"); *Acqis, LLC v. EMC Corp.*, No. 14-CV-13560, 2016 WL 4250245, at *2 (D. Mass. Aug. 10, 2016) (where the PTAB affirmed all claims in IPR, "a further stay [pending appeal] is unlikely to meaningfully simplify the issues in this case").

Moreover, it is highly unlikely that the Federal Circuit will overturn the PTAB's decisions. The Federal Circuit applies a "deferential" standard and has overturned on average only 6% of the appeals originating from the PTO over the past 2 years. *LG Elecs., Inc. v. Toshiba Samsung Storage Tech. Korea Corp.*, No. CV 12-1063-LPS-CJB, 2015 WL 8674901, at *3 (D. Del. Dec. 11, 2015) (noting that under this "deferential standard" "the likelihood of the PTAB's decision … being overturned is low")[2]; Exhibit 1.[3]  "As such, it is almost certain that the

---

[1] For the same reason, there is no risk of inconsistent rulings as the invalidity issues before the Federal Circuit will not be decided by this Court.

[2] Google's reliance on *LG Electronics* is misplaced. In that case, 3 of the 6 asserted claims were invalidated by the PTAB. Therefore, the fact that the Federal Circuit was unlikely to reverse the PTAB's decision actually *favored* a stay because the likely affirmance would mean that the invalidated claims would no longer be at issue in the litigation. *LG Elecs.*, 2015 WL 8674901, at *3. Even in *LG Electronics*, where (unlike here) the appeal was likely to impact the scope of the



Hon. Paul G. Gardephe
November 10, 2016
Page 3

appeals proceedings will not substantially streamline this case any further." *Smart Modular Techs., Inc. v. Netlist, Inc.,* No. 2:12-cv-02319TLNEFB, 2016 WL 5159524, at *3 (E.D. Cal. Sept. 21, 2016) (lifting stay where all asserted claims confirmed in IPR). The pendency of the appeals and the mere remote possibility that the Federal Circuit may reverse the PTAB "is not, in and of itself, a sufficient basis to make [Network-1] continue to wait to enforce patent rights that it currently holds." *Zoll Med. Corp. v. Respironics, Inc.*, No. CV 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015); *see also Network-1*, 2015 WL 11439060, at *3 ("the mere possibility … that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight").

Google's assertions regarding the appeals' potential simplification of the claim construction issues are overstated. As an initial matter, Google has not proposed any actual constructions for the terms at issue. In its claim construction briefing, Google conceded the construction of "neighbor/near neighbor," and only argued indefiniteness for the remaining terms.[4] None of those issues will be addressed by the Federal Circuit. While Google suggests that the appeal will consider the construction of the term "non-exhaustive search," Google has not proposed any construction of that term in this Court, raising only the assertion that the term is indefinite.[5] And to the extent that the Federal Circuit does construe any claims, Google concedes that the Federal Circuit will apply the "broadest reasonable interpretation" standard, as opposed to the narrower *Phillips* standard that will be applied in this Court. Indeed, even as to the "neighbor/near neighbor term," Google has agreed to a construction in this case that is not the same construction it advocated in the IPRs. Accordingly, the Federal Circuit's claim constructions almost certainly will not conflict with this Court's constructions, let alone have any impact on the parties' agreed constructions. *See Facebook, Inc. v. Pragmatus AV, LLC*, 582 F. App'x 864, 869 (Fed. Cir. 2014) ("The broadest reasonable interpretation of a claim term may be the same as or broader than the construction of a term under the *Phillips* standard."). That Network-1 suggested potential supplemental briefing on any claim construction issues that the *Patent Office's* decisions might bear on is not inconsistent with the foregoing. The Court, of course, is free to consider the records from the PTAB proceedings, which are already available to the Court and unlikely to be altered on appeal.

---

case, the court found that this slight benefit did not outweigh the prejudice further delay would cause to the plaintiff, and *denied* the motion to continue the stay pending appeal. *Id.* at *7.

[3] Exhibit 1 contains Federal Circuit 2015 and 2016 appeals statistics, available at
http://www.cafc.uscourts.gov/the-court/statistics.

[4] Notably, Google did not argue those terms were indefinite in the IPRs, and the PTAB did not find any terms indefinite in rendering its final written decisions. Accordingly, the Federal Circuit will not even be reviewing any findings regarding definiteness, the only claim construction position Google is raising in this case.

[5] Again, because Google did not argue and the PTAB did not find "non-exhaustive search" to be indefinite, the Federal Circuit will not be reviewing the only claim construction position Google is asserting in this case.



Hon. Paul G. Gardephe
November 10, 2016
Page 4

**Second, the stage of the proceedings also weighs against continuing the stay.** As this Court noted in *TouchTunes*, "district courts commonly deny motions to stay pending patent reexamination in cases where substantial proceedings, including discovery, have occurred." *TouchTunes*, 676 F. Supp. 2d at 177-78. "Even where a case is in its early stages of litigation, *a stay should still be denied* if it offers limited potential to narrow the issues in the case and the non-moving party will suffer undue prejudice by the delay." *Id.* (emphasis added). In *Touchtunes*, the court held that a stay would "not serve to preserve judicial resources" where discovery was "substantially completed" and the parties "also completed claim construction briefing." *Id.* at 178.

Here, the -2396 case has been pending for over two and a half years, and just as in *Touchtunes*, discovery is nearly completed and claim construction briefing is completed. And while the -9558 case, which has been pending nearly 2 years, is still in the early stages, this alone does not justify continuing the stay given that there is little chance of further simplification. Indeed, even assuming there is some potential for simplification where the PTAB's decision is affirmed, the Court will likely be able to reap the benefits of any such simplification as the Federal Circuit is likely to rule before this case reaches trial. *See Zoll*, 2015 WL 4126741, at *1 n.3; *Smart Modular*, 2016 WL 5159524, at *3 (finding this factor to be neutral even though the case was still in its infancy, because "appropriate adjustments" could be made in the event a decision affecting the case was issued); *Network-1*, 2015 WL 11439060, at *6 (similarly noting that the early stage of the litigation "may present certain advantages making lifting a stay more viable").

**Finally, the prejudice to Network-1 caused by delaying the litigation even further weighs against continuing the stay.** "[A]ll plaintiffs have an interest in the timely enforcement of patent rights." *Allergan, Inc. v. Sandoz Inc.*, No. 2:12-CV-207-JRG, 2013 WL 1222347, at *1 (E.D. Tex. Mar. 25, 2013). These cases have already been subject to a 16-month stay, and "the additional delay that would be incurred by maintaining the stay pending exhaustion of appeals is considerable." *Network-1*, 2015 WL 11439060, at *5; *see also Zoll*, 2015 WL 4126741, at *1. For example, as noted in another case that also concerned Network-1, "continued extension of the suit may consume Network-1's resources, denying it the opportunity that it otherwise might have had to enforce its patents." *Id.* at *5 n.9 (internal brackets omitted). Furthermore, requiring a stay pending exhaustion of appeals "could encourage 'abuse of *inter partes* review and appeals thereof as a tool for tactical delay.'" *Id.*

The fact that Network-1 is a non-practicing entity does not negate this prejudice. *See id.* at *5 & n.9; *Acqis*, 2016 WL 4250245, at *3 ("Even though ACQIS is a non-practicing entity that does not compete directly with EMC, the Court is concerned that an additional, indefinite stay, which could potentially last well in excess of a year, would prejudice ACQIS in this litigation as well as its business generally."). "Having taken its shot in the USPTO and failed, [Google] should not be able to preclude [Network-1] from pursuing its claims in this court for an indeterminate period of time." *Zoll*, 2015 WL 4126741, at *1.

4



Hon. Paul G. Gardephe
November 10, 2016
Page 5

      In sum, each of the relevant factors strongly weighs against continuing the stay pending Google's appeals to the Federal Circuit. Accordingly, Network-1 respectfully requests that the Court lift the current stay of these cases.

                Very truly yours,

                Russ, August & Kabat


                */s/ Marc A. Fenster*

                Marc A. Fenster

MAF