UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>- against -<br><br>GOOGLE LLC and YOUTUBE, LLC<br><br>Defendants. | 14 Civ. 2396 (PGG)<br><br>14 Civ. 9558 (PGG) |

**STIPULATED SUPPLEMENTAL
PROTECTIVE ORDER GOVERNING SOURCE CODE**

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, on October 29, 2014, this Court entered a Stipulated Confidentiality Agreement and Protective Order (No. 1:14-cv-02396, Dkt. No. 48) (the "Standing Protective Order");

WHEREAS, the parties agreed in related Case No. 1:14-cv-09558, which has since been consolidated with Case No. 1:14-cv-02396, that the Standing Protective Order applies to that case as well (No. 1:14-cv-09558, Dkt. No. 23.1 ¶ 10);

WHEREAS, the Standing Protective Order stated that the parties will work together to determine whether source code material will be necessary in this case and, if so, will submit a second protective order governing the inspection of such material (No. 1:14-cv-02396, Dkt. No. 48 ¶ 10);

WHEREAS, both cases referenced above were stayed pending proceedings before the U.S. Patent and Trademark Office and the U.S. Court of Appeals for the Federal Circuit;

WHEREAS, following the lifting of the stays and the consolidation of the cases, all the parties to this action (collectively the "Parties" and individually a "Party") now request that this Court issue a supplemental protective order pursuant to paragraph 10 of the Standing Protective Order and Federal Rule of Civil Procedure 26(c) to protect the confidentiality of any nonpublic and competitively sensitive source code information they disclose;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing source code,

IT IS HEREBY ORDERED that any person subject to this Order—including without limitation the Parties to this action (and their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1.  This Order supplements the Standing Protective Order, and incorporates by reference the terms of the Standing Protective Order.

2.  To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it contains or substantively relates to a Party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary, and/or trade secret text that defines software, firmware, or electronic hardware descriptions written in human-readable programming languages, including but not limited to C, C++, Java, assembler, VHDL, Verilog, and SQL. In the event that a document contains both information that may be properly designated "HIGHLY CONFIDENTIAL – SOURCE CODE" and information that may not be

2

properly designated "HIGHLY CONFIDENTIAL – SOURCE CODE," if the "HIGHLY CONFIDENTIAL – SOURCE CODE" information comprises less than seventy-five percent (75%) of such document, then such document will be produced (1) in the ordinary manner (i.e., electronically), but with the "HIGHLY CONFIDENTIAL – SOURCE CODE" information redacted; and (2) in unredacted form, designated as "HIGHLY CONFIDENTIAL – SOURCE CODE, on a Source Code Computer (defined below). For avoidance of doubt, documents that do not contain or substantively relate to Source Code shall not be designated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

3. Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "Confidential Outside Counsel Only" information and "Prosecution/Acquisition Bar Materials" by the Standing Protective Order. For the avoidance of doubt, where "Confidential Outside Counsel Only" information is entitled to a lesser degree of protection than "HIGHLY CONFIDENTIAL – SOURCE CODE," the greater protections applicable to "HIGHLY CONFIDENTIAL – SOURCE CODE" shall apply. For the avoidance of doubt, all Discovery Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be considered "Prosecution/Acquisition Bar Materials."

4. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's outside counsel of record in this action (excluding any counsel of record affiliated with Amster Rothstein & Ebenstein LLP), as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for

this litigation (excluding any employees of Amster Rothstein & Ebenstein LLP);

(b) up to three (3) outside experts or consultants per party, pre-approved in accordance with paragraph 11 of the Standing Protective Order, provided that such persons first additionally execute the "Non-Disclosure Agreement Governing Source Code" (in the form annexed as an Exhibit hereto) and provide an executed copy to the Producing Party at least three (3) business days prior to accessing Source Code;

(c) the Court and its personnel;

(d) stenographic reporters, videographers, and their respective staff who are transcribing or videotaping a deposition wherein "HIGHLY CONFIDENTIAL – SOURCE CODE" information is being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the Source Code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers; and

(e) while testifying at deposition or trial in this action only: (i) any current or former officer, director, or employee of the Producing Party; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the "HIGHLY CONFIDENTIAL – SOURCE CODE" information, as evident from its face or reasonably certain in view of other testimony or evidence; and/or (iv) any outside expert or consultant who has been approved to access Source Code as set forth in paragraph 4(b). Persons authorized to view "HIGHLY CONFIDENTIAL – SOURCE CODE" information pursuant to this sub-paragraph shall not retain or be given copies of the "HIGHLY CONFIDENTIAL – SOURCE

4

CODE" information except while so testifying. Only printed copies of the Source Code will be provided to testifying witnesses during their testimony.

5. Any Source Code, including unredacted versions of documentation containing "HIGHLY CONFIDENTIAL – SOURCE CODE" information as described in paragraph 2, produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at the office of the Producing Party's primary outside counsel of record. The Source Code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The secured computer shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the Source Code (other than the non-networked computer and storage device described in paragraph 6 below for purposes of taking notes). All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the Producing Party, which shall not be less than 3 business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code

review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code, but the Producing Party shall not listen in on, or otherwise inhibit the Receiving Party's privileged communications in the room.

6. The Receiving Party's outside counsel of record and/or outside experts or consultants shall be entitled to take notes relating to the Source Code; provided, however, that such notes shall not copy, remove, or otherwise transfer any portions of the Source Code. The Producing Party shall provide a non-networked computer ("Notetaking Computer") for the Receiving Party to take typewritten notes during Source Code review. Such typewritten notes are permitted to include but are not limited to the following information: file names, line numbers, method/variable names, narrative thoughts on how different modules interact, and general descriptions of functions that may be called. The Receiving Party shall be prohibited from accessing the Internet on the Notetaking Computer, or using the Notetaking Computer for any purpose other than taking notes during the Source Code review.

7. The Parties agree that Jennifer B. Maisel, Esq., of Rothwell, Figg, Ernst & Manbeck, P.C. ("the Third-Party Note Reviewer") shall perform a visual scan of the notes taken on the Notetaking Computer.[1] The Parties hereby agree to the Court's entry of an order under Federal Rule of Evidence 502(d) providing that no privilege or protection covering the Receiving Party's notes taken on the Notetaking Computer will be waived in this pending litigation by disclosure to the Third-Party Note Reviewer, and that such disclosure also is not a waiver in any other federal or state proceeding. The Parties further agree that the role of Third-Party Note Reviewer will not create an attorney-client relationship between any Party and the Third-Party Note Reviewer or his or her law firm.

---

[1] The Parties may agree on an additional Third-Party Note Reviewer should the need arise.

6

8. At the end of each day that the Receiving Party reviews Source Code, the Third-Party Note Reviewer will have the opportunity to perform a visual scan of the notes taken on the Notetaking Computer ("the Scan"). The purpose of the Scan is solely to confirm that the Receiving Party has not copied Source Code in violation of this Order. The Producing Party will not attempt to discover from the Third-Party Note Reviewer or from the Notetaking Computer the Receiving Party's attorney-client privileged information or work product (e.g., legal strategy). No other scan or review of the notes taken on the Notetaking Computer shall be permitted. The Third-Party Note Reviewer shall have no involvement in this action except for performing the Scan, and will not discuss the case or the notes taken on the Notetaking Computer with any attorney working on the matter.[2] However, should a dispute arise regarding any part of the notes taken on the Notetaking Computer, the Third-Party Note Reviewer is permitted to communicate the details of the dispute to one of the Producing Party's Outside Counsel of Record working on the action. The Scan shall not result in a waiver of the work-product protection or any other privilege or protection from disclosure, as will be confirmed by the entry of a Rule 502(d) order as provided above. In the event that, after performing the Scan, the Third-Party Note Reviewer has no objections to the notes taken on the Notetaking Computer, the notes shall be transferred to the Receiving Party by USB drive or similar storage device transfer ("the USB Drive"). The USB Drive shall be encrypted and subject to all the same protections provided in this Order for information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE." Such typewritten notes shall be deleted from the Notetaking Computer upon

---

[2] This Order does not prevent the Parties from compensating the Third-Party Note Reviewer for his or her time performing the Scan and addressing any disputes that should arise. The Parties agree that Google will compensate the Third-Party Note Reviewer at his or her standard hourly rate for time spent performing his or her duties in this litigation.

7

transfer to the Receiving Party.

      9.    Except as otherwise provided herein, no person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated "HIGHLY CONFIDENTIAL – SOURCE CODE" material, except that the Receiving Party may request paper copies of limited portions of Source Code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of Source Code during the duration of the case without prior written approval by the Producing Party. The Receiving Party shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph 4 in the first instance. Within 5 business days or such additional time as necessary due to volume requested, the Producing Party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – SOURCE CODE" unless objected to as discussed below. At the Receiving Party's request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the Producing Party in a timely fashion. In the event that the Receiving Party wishes to use additional sets of the printed Source Code at a deposition, it shall give the Producing Party at least three (3) days' notice of its intent to use such additional sets of the printed Source Code at the deposition. Upon receiving such request, the Producing Party shall bring up to two (2) additional sets of printed Source Code to the deposition, exclusively for use at the deposition. Such additional sets of the printed Source Code shall remain in the custody of the Producing Party after the deposition is complete. Even if within the limits described, the Producing Party may challenge the amount of Source Code requested in hard copy form or

whether the Source Code requested in hard copy form is reasonably necessary to any case preparation activity pursuant to the dispute resolution procedure set forth in paragraph 16 of the Standing Protective Order. A Receiving Party may request Source Code printouts in excess of the limits described. The parties shall meet and confer concerning any such request, and if agreement cannot be reached, they shall follow the dispute resolution procedure set forth in paragraph 17 of the Standing Protective Order. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

10. The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all printed portions of the Source Code in a secured, locked area under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the Receiving Party; (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial, or deposition. Except as provided in paragraph 12, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below. Any such excerpts shall be redacted from any publicly filed documents. Any paper copies used

9

during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.[3]

11. The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

12. A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart. The Producing Party shall be entitled to a copy of the log.

13. The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any person. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the Source Code.

14. Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a

---

[3] The nature of the Source Code at issue may warrant additional protections or restrictions. For example, it may be appropriate under certain circumstances to require the Receiving Party to provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

computer (e.g., may not scan the Source Code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary for it to be used in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE."

15. To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE."

16. The Receiving Party shall maintain a log of all electronic images and paper copies of Source Code Material in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.

SO STIPULATED AND AGREED.

Dated: August 14, 2019

*signature*

Marc A. Fenster (*pro hac vice*)
Brian D. Ledahl (*pro hac vice*)
Adam S. Hoffman (*pro hac vice*)
Paul A. Kroeger (*pro hac vice*)
Amy E. Hayden (*pro hac vice*)
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474

Charles R. Macedo
AMSTER ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
(212) 336-8000

*Attorneys for Plaintiff Network-1 Technologies, Inc.*

*signature*

Kevin Hardy (*pro hac vice*)
Samuel Bryant Davidoff
Andrew V. Trask
Christopher A. Suarez (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street N.W.
Washington, DC 20005
(202) 434-5000

For Matters in New York:
WILLIAMS & CONNOLLY LLP
650 Fifth Avenue, Suite 1500
New York, NY 10019

*Attorneys for Defendants Google LLC and YouTube, LLC*

SO ORDERED.

*signature*
Hon. Paul G. Gardephe

August 19, 2019

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NETWORK-1 TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>- against -<br><br>GOOGLE LLC and YOUTUBE, LLC<br><br>Defendants. | 14 Civ. 2396 (PGG)<br><br>14 Civ. 9558 (PGG) |

## **NON-DISCLOSURE AGREEMENT GOVERNING SOURCE CODE**

I, _____, acknowledge that I have read and understand the Stipulated Supplemental Protective Order Governing Source Code in this action governing the non-disclosure of those portions of Discovery Material that have been designated as HIGHLY CONFIDENTIAL – SOURCE CODE, and the underlying Stipulated Confidentiality Agreement and Protective Order (No. 1:14-cv-02396, Dkt. No. 48) (the "Standing Protective Order"). I agree that I will strictly adhere to the terms of the Stipulated Supplemental Protective Order Governing Source Code and the Standing Protective Order. I agree that I will not disclose such Discovery Material designated as HIGHLY CONFIDENTIAL – SOURCE CODE to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Supplemental Protective Order Governing Source Code, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated

Supplemental Protective Order Governing Source Code could subject me to punishment for contempt of Court. I have attached my resume, curriculum vitae, or other information to this executed Non-Disclosure Agreement Governing Source Code sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

Dated: _____                    _____