LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

ANDREW TRASK
(202) 434-5023
atrask@wc.com

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 11, 2020

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

      Re:    *Network-1 Technologies, Inc. v. Google LLC, et al.*, **Nos. 1:14-cv-2396 & 1:14-cv-9558 (S.D.N.Y.)**

Dear Judge Gardephe:

      I write on behalf of Defendants Google LLC and YouTube, LLC (collectively, "Google") to request leave to file under seal several documents that will be submitted in connection with Google's Motion for Summary Judgment and Network-1's Motion for Summary Judgment.

**I.    Documents Submitted with Google's Motion for Summary Judgment That Google Seeks Leave to Redact and Seal**

      Google respectfully requests leave to file redacted versions of the briefs and certain exhibits that will be submitted in connection with its Motion for Summary Judgment. A complete list of the documents that Google seeks leave to file in redacted form is enclosed as Exhibit A.

      Plaintiff Network-1 Technologies, Inc. ("Network-1") does not object to the proposed redactions, and in submitting its opposition to Google's Motion for Summary Judgment it will file several documents containing redactions of similar material. In addition, Network-1 will file under seal certain internal Google documents that it has obtained through discovery in these cases. A complete list of the documents that Network-1 will file in redacted form and under seal is enclosed as Exhibit B.[1]

---

[1] In accordance with Rule II.B of the Court's Individual Rules of Practice in Civil Cases, the parties will publicly file the documents with the proposed redactions and electronically file under a seal a copy of the unredacted documents with the redactions highlighted.

WILLIAMS & CONNOLLY LLP

Hon. Paul G. Gardephe
November 11, 2020
Page 2

      The materials accompanying Google's Motion for Summary Judgment that the parties intend to file in redacted form and under seal have been designated "Confidential Outside Counsel Only" by Google under the Stipulated Confidentiality Agreement and Protective Order because they contain "non-public, confidential information that provides a commercial advantage" and that "describes with particularity the technical implementation" of Google's "products or services." -2396 Case, Dkt. No. 48 ¶ 3. Google acknowledges "that documents submitted to a court for its consideration in a summary judgment motion are … judicial documents to which a strong presumption of access attaches," even if they are subject to a confidentiality agreement or protective order. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Google respectfully submits, however, that there are "compelling reasons" for the proposed sealing in this case. *Id.* at 123; *see id.* at 120 (explaining that a request to file "judicial documents" under seal involves a "balance [of] competing considerations," including "the privacy interests of those resisting disclosure").

      The redacted passages describe specific techniques for structuring or searching data that Google has not disclosed publicly and that are kept confidential in order to preserve Google's competitive standing. A number of the redacted passages reference or characterize the confidential source code that implements portions of Google's Content ID system. *See, e.g.*, Ex. 6 to Google's Mot. Summ. J. ¶¶ 63–64 and 73–75. Other passages have been redacted because they describe proprietary algorithms or parameters used by Google in its Content ID system that could not be ascertained without access to Google's confidential source code or related documentation. *See, e.g.*, Google's R. 56.1 Stmt. ¶¶ 34–42 and 45–56. Courts routinely authorize the sealing of this kind of confidential technical information, including when it is submitted in connection with a motion for summary judgment. *See, e.g.*, *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (explaining that "categories commonly sealed" include documents "containing trade secrets" or "confidential research and development information"); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-cv-3786-PGS, 2013 WL 6576266, at *3–4 (N.D. Cal. Dec. 13, 2013) (sealing documents submitted in connection with a motion for summary judgment of non-infringement that "contain[] confidential technical information relating to the operation of [a party's] products").

      The proposed redactions are necessary to avoid competitive harm. The particular design choices reflected in the production versions of Google's Content ID system are the result of extensive research and development efforts by teams of Google computer scientists and software engineers. Publicizing the configurations selected by Google could allow competitors to benefit from Google's substantial investments in its proprietary methods for determining instances of reuse of video, audio, and melody content. Moreover, the Content ID system was designed in part to discover and deter adversarial behavior by copyright infringers, including those who intentionally modify copyrighted music, movies, and other works in an effort to distribute them unlawfully without detection. Infringers could attempt to exploit knowledge of the confidential techniques and parameters used by Google, which could prove detrimental not only to Google itself, but also to copyright holders who rely on the Content ID system to manage reuse of their content on YouTube. It is well established that judicial records should be sealed in order to

WILLIAMS & CONNOLLY LLP

Hon. Paul G. Gardephe
November 11, 2020
Page 3

avoid these kinds of competitive harms. *See. e.g.*, *Nixon v. Warner Commncn's, Inc.*, 435 U.S. 589, 598 (1978) (observing that "the right to inspect and copy judicial records is not absolute" and noting approvingly that courts have sealed "business information that might harm a litigant's competitive standing"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving redactions to "judicial documents" that were "generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

The proposed sealing is "narrowly tailored to achieve" the important objectives of preserving the confidentiality of the technical details of Google's Content ID system and preventing the competitive harm that could result from disclosure. *See Lugosch*, 435 F.3d at 121. Although Google seeks leave to seal specific passages and original documents that describe confidential techniques or parameters, it is not asking the Court to seal entire briefs or shield the parties' arguments or legal theories from public view. Google's targeted redactions preserve the privacy of particular technical details without impeding the public disposition of this matter. The proposal therefore is fully consistent with the balance that courts must strike in determining which materials merit sealing. *See, e.g.*, *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (concluding that certain documents should remain sealed because "the privacy interests of the defendants" with respect to "proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" should "outweigh the presumption of public access"); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Org.*, No. 2:17-cv-503-HCM, 2020 WL 973751, at *15–16 (E.D. Va. Feb. 7, 2020) (sealing documents submitted with motions for summary judgment that reflect "confidential commercial information" because, among other things, "the parties have filed detailed public versions, which do not seek to completely seal their briefing, outlining in detail the legal and factual issues raised by the motions").

For the foregoing reasons, Google respectfully requests leave to file redacted versions of the documents listed in Exhibit A, and respectfully requests that Network-1 be granted leave to file in redacted form and under seal the documents listed in Exhibit B.

## II.   Documents Submitted with Network-1's Motion for Summary Judgment That Third-Party Relatable LLC Seeks Leave to Redact

Some of the exhibits that will be filed in connection with Network-1's Motion for Summary Judgment describe documents that have been designated "Confidential" by third-party Relatable LLC ("Relatable") under the Stipulated Confidentiality Agreement and Protective Order. Relatable is not represented by counsel in this matter, but it has been informed of the standard for sealing and has requested that the parties file in redacted form the exhibits to Network-1's Motion for Summary Judgment listed in Exhibit C.

The passages that Relatable wishes to redact describe the particular details of certain source code developed by Relatable, which has indicated that these redactions are necessary for

WILLIAMS & CONNOLLY LLP

Hon. Paul G. Gardephe
November 11, 2020
Page 4

the following reasons: "Relatable LLC has made substantial investments in developing key technologies – often well-ahead of their time. Relatable LLC continues to retain rights in considerable IP, trade secrets, know-how and other intangible assets that it believes have significant value. The redactions requested would protect against wider disclosure beyond the limited disclosures designated by this litigation, and thus preserve Relatable's rights in such IP for the potential future benefit of its owners." The parties do not object to Relatable's proposed redactions.[2]

Sincerely,

*/s/ Andrew V. Trask*

Andrew V. Trask

Enclosures

Cc: Counsel of Record (via ECF)

---

[2] Because Relatable is not represented by counsel, Google is conveying Relatable's justification for its proposed redactions in this letter in lieu of requesting that Relatable file its own letter in the manner described in Rule II.B of the Court's Individual Rules of Practice in Civil Cases.