LAW OFFICES
# WILLIAMS & CONNOLLY LLP

ANDREW V. TRASK
(202) 434-5023
atrask@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

**MEMO ENDORSED**

*[Handwritten endorsement: The application is granted, except as to the proposed redaction on page 63, ll. 15-17. The proposed redactions are limited to technical information concerning the Content Id. system, and the Court finds that Defendants' commercial interest and desire to avoid competitive harm outweigh the presumption of access. The Clerk of Court is directed to strike 14 Civ. 2396, Dkt. 303 and 14 Civ. 9558, Dkt No. 240 from the public docket and replace these documents with the redacted version to be supplied by Defendants.]*

**SO ORDERED:**
*[signature]* Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.
Dated: April 25, 2024

April 25, 2024

**VIA ECF**

Hon. Paul G. Gardephe
U.S. District Court, Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re: *Network-1 Technologies, Inc. v. Google LLC, et al.*, Nos. 1:14-cv-2396-PGG-SN & 1:14-cv-9558-PGG-SN (S.D.N.Y.)

Dear Judge Gardephe:

I write on behalf of Defendants Google LLC and YouTube, LLC (collectively, "Google") regarding the Court's Memorandum Opinion and Order filed yesterday, April 24, 2024, on the public docket. 14-cv-2396, Dkt. No. 303; 14-cv-9558, Dkt. No. 240. The Court's Opinion and Order includes information that Google sought to seal in connection with the parties' summary judgment filings because it is the kind of confidential technical information that would allow competitors an unfair advantage and therefore harm Google's competitive standing if disclosed. The Court previously granted Google's request to seal this information when included with its summary judgment motion. 14-cv-2396, Dkt. No. 252 (granting letter motion at Dkt. No. 222); 14-cv-9558, Dkt. No. 187 (granting letter motion at Dkt. No. 157). Google has prepared a redacted version of the Opinion and Order that does not contain this commercially sensitive technical detail, which is enclosed as <u>Exhibit A</u>. Google respectfully requests that the Court replace the version of its Memorandum and Order currently posted on the public docket with the redacted version enclosed as <u>Exhibit A</u>. In accordance with Rule II.B of the Court's Individual Rules, Google will publicly file the document with the proposed redactions and file under a seal a copy of the unredacted document with the redactions highlighted. Plaintiff Network-1 Technologies, Inc. does not object to the proposed redactions.

Google acknowledges that "a strong presumption of access" attaches to the Court's Memorandum Opinion. *E.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Google respectfully submits, however, that there are "compelling reasons" for the proposed sealing in this case. *Id.* at 123; *see id.* at 120 (explaining that a sealing request involves a "balance [of] competing considerations," including "the privacy interests of those resisting disclosure"). The redacted passages describe specific techniques for structuring or searching data that Google has not disclosed publicly and that are kept confidential in order to preserve Google's competitive standing. A number of the redacted passages reference or characterize the confidential source code that implements portions of Google's Content ID system. *See, e.g.*,

April 25, 2024
Page 2

Opinion and Order, proposed redactions at 60-61. Other passages have been redacted because they describe proprietary algorithms or parameters used by Google in its Content ID system that could not be ascertained without access to Google's confidential source code or related documentation. *See, e.g., id.*, proposed redactions at 11-12. Courts frequently authorize the sealing of this kind of confidential technical information. *See, e.g., Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (explaining that "categories commonly sealed" include documents "containing trade secrets" or "confidential research and development information"); *Guzik Tech. Enters., Inc. v. W. Digital Corp.*, No. 5:11-cv-3786-PGS, 2013 WL 6576266, at *3–4 (N.D. Cal. Dec. 13, 2013) (sealing documents that "contain[] confidential technical information relating to the operation of [a party's] products").

The proposed redactions are necessary to avoid competitive harm. The particular design choices reflected in the production versions of Google's Content ID system are the result of extensive research and development efforts by teams of Google computer scientists and software engineers. Publicizing the configurations selected by Google could allow competitors to benefit from Google's substantial investments in its proprietary methods for determining instances of reuse of video, audio, and melody content. Moreover, the Content ID system was designed in part to discover and deter adversarial behavior by copyright infringers, including those who intentionally modify copyrighted music, movies, and other works in an effort to distribute them unlawfully without detection. Infringers could attempt to exploit knowledge of the confidential techniques and parameters used by Google, which could prove detrimental not only to Google itself, but also to copyright holders who rely on the Content ID system to manage reuse of their content on YouTube. It is well established that judicial records should be sealed in order to avoid these kinds of competitive harms. *See, e.g., Nixon v. Warner Commncn's, Inc.*, 435 U.S. 589, 598 (1978) (observing that "the right to inspect and copy judicial records is not absolute" and noting approvingly that courts have sealed "business information that might harm a litigant's competitive standing"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 510–11 (S.D.N.Y. 2015) (approving redactions to "judicial documents" that were "generally limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

The proposed sealing is "narrowly tailored to serve" the important objectives of preserving the confidentiality of the technical details of Google's Content ID system and preventing the competitive harm that could result from disclosure. *See Lugosch*, 435 F.3d at 120. Although Google seeks leave to seal specific passages that describe confidential techniques or parameters, it is not asking the Court to seal the entire opinion or shield the parties' arguments or legal theories from public view. Google's targeted redactions preserve the privacy of particular technical details without impeding the public disposition of this matter. The proposal therefore is fully consistent with the balance that courts must strike in determining which materials merit sealing. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (concluding that certain documents should remain sealed because "the privacy interests of the defendants" with respect to "proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting" should "outweigh the presumption of public access"); *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Org.*, No. 2:17-cv-503-HCM, 2020 WL 973751, at *15–16 (E.D. Va. Feb. 7, 2020) (sealing documents that reflect "confidential commercial information" because, among

April 25, 2024
Page 3

other things, "the parties have filed detailed public versions, which do not seek to completely seal their briefing, outlining in detail the legal and factual issues raised by the motions").

      For the foregoing reasons, Google respectfully requests that the Court replace the version of its Memorandum Opinion and Order currently posted on the public docket with the redacted version enclosed as <u>Exhibit A</u>.

                                       Sincerely,

                                       <u>/s/ Andrew V. Trask</u>

                                       Andrew V. Trask

Cc: Counsel of Record (via ECF)